**Jesse T. MOTEN, Plaintiff–Appellant,**

v.

**S. GARCIA, Warden, Defendant–Appellee.**

**No. 03–16365.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Jesse T. Moten, a California state prisoner, appeals pro se the district court's dismissal, pursuant to 42 U.S.C. § 1915A(b), of his 42 U.S.C. § 1983 action alleging violation of his constitutional rights when he was transferred between prisons in order to testify against the California Department of Corrections in an evidentiary hearing. Moten also moves for an order protecting him from retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and questions of venue, *Immigrant Assistance Project v. INS,* 306 F.3d 842, 868 (9th Cir.2002). We affirm.

Moten contends that his civil rights were violated when he was transferred from one prison to another so as to testify at an evidentiary hearing. This contention fails because prisoners enjoy no constitutional right to be incarcerated at a particular prison or to avoid being transferred between prisons. *See Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Moten contends that prison officials retaliated against him by delaying his return to Calipatria State Prison. This contention fails because Moten did not "prov[e] the absence of legitimate correctional goals for the conduct of which he complains." *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir.1995).

Moten contends that the district court improperly dismissed his action because he filed in the wrong venue. This contention fails because the sole named defendant did not reside in the district, only an insubstantial part of the events and omissions about which Moten complained to the district court in his papers filed on April 14, 2003 occurred within the district, and the property that Moten alleged was improp-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

erly confiscated or destroyed at Calipatria State Prison was not situated in the district. *See* 28 U.S.C. §§ 1391(b), 1406(a).

We deny Moten's motion for a protective order for failure to exhaust. *See Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

We instruct the clerk to mail to Moten a filed copy of his " 'second' request for enlargement of time to object to 'erred' (R & R) to grant motion to dismiss."

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.